| | |
|---|---|
| **DISTRICT COURT, COUNTY OF DENVER, STATE OF COLORADO**<br>Court Address: 1437 Bannock Street, Denver, Colorado 80202, Phone Number: 720-865-8301 | DATE FILED: July 19, 2022 4:09 PM<br>FILING ID: FCCF19105A591<br>CASE NUMBER: 2022CV32013 |
| **PLAINTIFF:   JOSE CASILLAS**<br><br>v.<br><br>**DEFENDANT: STANDARD FIRE INSURANCE COMPANY DBA TRAVELERS** | ∆**COURT USE ONLY**∆ |
| Attorney for Plaintiff:<br>Wesley Eddington, #47915<br>EDDINGTON LAW FIRM, L.L.C.<br>1133 Pennsylvania Street, 1st Floor<br>Denver, Colorado 80203<br>Telephone: 303-815-1585<br>Facsimile: 720-420-4515<br>E-mail:  wes@eddington.law | Case No.:<br><br>Ctrm/Div: |
| **COMPLAINT** ||

**COMES NOW**, Plaintiff, Jose Casillas, by and through his attorney, Eddington Law Firm, LLC, and respectfully submits his Complaint against Defendant, Standard Fire Insurance Company dba Travelers, and states and alleges as follows:

## GENERAL ALLEGATIONS

1. At all times relevant, Plaintiff Jose Casillas resided at 7959 York Street, City of Denver, State of Colorado.

2. Defendant Standard Fire Insurance Company dba Travelers (hereinafter "Travelers") is an insurance company doing business in the State of Colorado.

3. Venue is proper in Denver County, Colorado, pursuant to C.R.C.P. 98(c), as Defendant Travelers is an out-of-state resident and conducts business throughout the state.

## FACTUAL ALLEGATIONS

4. At all times pertinent hereto, Plaintiff was insured under an insurance policy issued by Defendant Travelers with the policy number of: 6026297202032. (Hereinafter "policy" or "the policy.")

5. On July 20, 2019, Plaintiff was injured in a motor vehicle collision caused by Justen Ries, the tortfeasor, who was driving while distracted and rear-ended Plaintiff's vehicle.

6. The result of this motor vehicle collision was that Plaintiff sustained physical injuries, sustained economic damages in the form of past and future medical expenses, noneconomic damages, including pain, suffering, inconvenience, and loss of enjoyment of life, as well as damages for permanent physical impairment.

7. Plaintiff opened a claim with Travelers for Medical Payments and Underinsured Motorist Coverage for the July 20, 2019 collision.

8. The only claim number established for Plaintiff's Medical Payments and Underinsured Motorist claim for the July 20, 2019 collision is: IEQ8598.

9. Travelers paid all of the benefits that were available to Mr. Casillas pursuant to the policy, $5,000, to Mr. Casillas' medical providers.

10. Pursuant to the policy, Travelers only paid for medical care that was related to injuries sustained in the July 20, 2019 collision.

11. The Medical Payments coverage for claim number IEQ8598 was exhausted.

12. Travelers advised Plaintiff that his Underinsured Motorist Coverage ("UIM") applicable to this claim was $100,000.

13. The only claim number established for Plaintiff's UIM is: IEQ8598.

14. On June 2, 2020, Plaintiff sent a letter to Travelers through counsel requesting permission to settle with the underlying liability carrier, Progressive Insurance.

15. On June 2, 2020, Travelers consented to Plaintiff's settlement of his claims with Progressive Insurance.

16. Plaintiff's medical records, bills, and other materials related to his request for an evaluation of his UIM claim have been submitted to Travelers.

17. On July 27, 2020, Plaintiff signed a release settling his claim with the tortfeasor's insurance carrier, Progressive Insurance, for the tortfeasor's policy limits of $25,000.00.

18. Travelers has not advised Plaintiff, or his counsel, that it disputed any of the medical care rendered by any of his medical providers.

19. Travelers was advised that if the adjuster(s) wanted to meet with Plaintiff, those arrangements would be made.

20. No adjuster evaluating Plaintiff's UIM Claim ever met with him since the beginning of his UIM Claim.

21. Travelers had authority pursuant to its insurance contract to have Plaintiff attend an Examination Under Oath to assist in its evaluation of his claim.

22. Travelers had authority pursuant to its insurance contract to request Plaintiff to undergo an independent medical examination.

23. Travelers never requested Plaintiff see any doctor for any condition he was receiving treatment for related to his UIM claim.

24. Travelers had authority pursuant to its insurance contract to send Plaintiff to any doctor of its choosing to evaluate his injuries and the cause of those injuries.

25. Travelers had authority pursuant to its insurance contract to request Plaintiff go to any doctor of its choosing to evaluate his injuries, the cause of those injuries, and determine if any of those injuries were an aggravation of any conditions or other incidents prior to the July 20, 2019 collision.

26. To date, Travelers did not request that Plaintiff undergo an independent medical examination.

27. To date, Travelers did not request an examination under oath.

28. To date, the UIM adjuster for Travelers did not ask to speak with Plaintiff regarding his UIM claim.

29. To date Travelers has failed to submit any Summary of the Claim detailing its position, concerns, or any affirmative action to assist in its evaluation of Plaintiff's claim as his claim is still ongoing and he seeks the Underinsured Motorist benefits pursuant to the contract.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF

## (BREACH OF CONTRACT FOR THE UNINSURED MOTORIST CLAIM ARISING FROM THE MOTOR VEHICLE COLLISION ON JULY 20, 2019)

30. Plaintiff incorporates all previous allegations as if fully set forth herein.

31. At all times relevant to this action, Plaintiff was an insured under an insurance policy issued by Defendant Travelers and has a contractual right to UIM benefits for his damages caused by the July 20, 2019 motor vehicle collision that exceed Mr. Ries's liability policy limits.

32. Travelers promises in its contract to pay compensatory damages, up to their policy limits, to Plaintiff that he is legally entitled to collect from the at-fault driver caused by the July 20, 2019 collision and exceed his policy limits.

33. Travelers promised to pay compensatory damages, up to their policy limits, caused by the negligence of Mr. Ries for which he had insufficient insurance coverage to indemnify Plaintiff for his losses and damages caused by the tortfeasor, Mr. Ries.

34. Travelers has been asked, through Plaintiff's counsel, to provide some, or all, of the covered benefits promised by the UIM contract, but they have steadfastly refused to honor the contract and tender the benefits they have calculated Plaintiff is entitled to under the UIM contract for the damages caused by the tortfeasor, Mr. Ries.

35. Travelers, by refusing to provide any UIM benefits for the July 20, 2019 collision, has breached its insurance contract to provide compensatory damages caused by the subject crash and has caused the Plaintiff to incur damages to be determined at trial.

36. As a direct and proximate result of Defendant Travelers's breach of Plaintiff's UIM contract, Plaintiff has incurred damages. Plaintiff seeks his past and future medical expenses, lost wages, pain and suffering, loss of enjoyment of life, inconvenience and physical impairment caused

by the tortfeasor's underinsurance in the July 20, 2019 motor vehicle collision under the terms of his automobile policy with Defendant Travelers.

37.     Plaintiff has met all conditions precedent to filing this UIM claim under the terms of the policy with Defendant Travelers.

**WHEREFORE**, Plaintiff prays for judgment against Defendant in an amount to be proved at the time of trial for economic and non-economic damages, including but not limited to, past and future medical expenses, past and future pain and suffering, physical impairment, disfigurement, physical impairment, expert witness fees, pre- and post-judgment interest at the statutory rate, costs, statutory relief for breach of contract or unreasonable delay or denial, reasonable costs, attorney fees, and such other and further relief as this Court deems appropriate or permitted by Colorado law.

Dated: July 19, 2022

             Respectfully submitted,

             Eddington Law Firm, LLC

             *A **duly signed original is on file at***
             ***The Eddington Law Firm, LLC***

             */s Wesley Eddington*
             Wesley Eddington

Plaintiff's Address:
7959 York Street
Denver, CO 80229

5

**EXHIBIT A PAGE 5 OF 5**