IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-CV-02306-SKC

**JOSE CASILLAS,**

    Plaintiff,

v.

**THE STANDARD FIRE INSURANCE COMPANY DBA TRAVELERS,**

    Defendant.

---

**[PROPOSED] SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling/Planning Conference pursuant to Fed. R. Civ. P. 16(b) is scheduled for November 10, 2022, to be conducted via telephone, before United States District Magistrate S. Kato Crews.

Appearing for the Parties are:

| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
|---|---|
| Wesley Eddington, Esq, | Max K. Jones, Jr., Esq. |
| Eddington Law Firm, LLC | Hayleigh P. Lidbury, Esq. |
| 2420 W. 26th Avenue, Suite D-445 | Montgomery Amatuzio Chase Bell Jones, LLP |
| Denver, CO 80211 | 4100 E. Mississippi Ave, 16th Floor |
| Phone: 303-815-1585 | Denver, Colorado 80246 |
| Fax: 720-420-4515 | Phone: (303) 592-6600 |
| wes@eddington.law | Fax: (303) 592-6666 |
| | mjones@mac-legal.com |
| | hlidbury@mac-legal.com |

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff and Defendant in this civil action are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a. Plaintiff:**

This matter arises out of a July 20, 2019 rear-end motor vehicle collision, where Justen Ries rear-ended Plaintiff's vehicle. Plaintiff alleges personal injuries and economic damages as a result of the July 20, 2019 collision. Plaintiff settled with Mr. Reis for his insurer's policy limit of $25,000, with written consent from Defendant to said settlement.

At the time of the subject collision, Plaintiff was insured with Defendant, The Standard Fire Insurance Company, Policy No. 602629720 203 2, which provided UIM Coverage of up to $100,000 per accident, pursuant to the policy's terms, conditions, exclusions, limitations, and provisions.

Prior to litigation, Plaintiff's and Defendant's representatives communicated and exchanged information regarding the collision, Plaintiff's alleged injuries and damages, and Plaintiff's UIM claim. Plaintiff is seeking damages resulting from his injuries sustained in the subject collision. Plaintiff has asked Defendant to provide some, or all, of the covered benefits provided by the UIM contract, but have refused to honor the contract and tender the benefits owed under the contract. Plaintiff contends Defendant has breached its insurance contract with Plaintiff to provide compensatory damages arising

from the subject collision.

**b. Defendant:**

This matter arises out of a July 20, 2019 motor vehicle accident when the front of a vehicle driven by Justen Ries collided with the rear of Plaintiff's vehicle. Plaintiff alleges personal injuries and economic damages as a result of the July 20, 2019 accident. Plaintiff settled with Mr. Reis for his insurer's policy limit of $25,000, with the consent of Defendant. At the time of the subject accident, Plaintiff was insured with Defendant, The Standard Fire Insurance Company, Policy No. 602629720 203 2, which provided UIM Coverage of up to $100,000 per accident, pursuant to the policy's terms, conditions, exclusions, limitations and provisions.

Prior to litigation, Plaintiff's and Defendant's representatives communicated and exchanged information regarding the accident, Plaintiff's alleged injuries and damages, and Plaintiff's UIM claim. The cause and extent of Plaintiff's alleged injuries and damages are disputed. Based upon available information, Plaintiff's claimed injuries and damages are reasonably debatable, disputed and potentially the result of pre-existing medical conditions or injuries.

Defendant incorporates all defenses raised in its Answer to Plaintiff's Complaint as though fully stated herein.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff was involved in a motor vehicle collision at Wadsworth Blvd and Highway 36 in Broomfield, Colorado on July 20, 2019. Justen Ries was the driver of the

      other involved vehicle. Mr. Ries rear-ended Plaintiff's vehicle.

2. Neither Plaintiff nor Mr. Ries called police to the scene.

3. Plaintiff was insured under The Standard Fire Insurance Company Policy No. 602629720 203 2 for UIM coverage, which was applicable at the time of the July 20, 2019 collision.

4. Defendant provided verbal consent on May 21, 2020 and written consent on June 2, 2020 to Plaintiff's settlement with Mr. Ries for his policy limit.

5. On or about July 27, 2020, Mr. Ries' insurer tendered full policy limit of $25,000 to resolve Plaintiff's claims arising from the July 20, 2019 collision.

6. On July 19, 2022, Plaintiff commenced this action.

## 5. COMPUTATION OF DAMAGES

**a. Plaintiff:**

Plaintiff seeks past and future medical expenses, lost wages, pain and suffering, loss of enjoyment of life, inconvenience, and physical impairment, which in totality is more than the $100,000 in UIM policy limits available on Plaintiff's policy for the subject collision.

**b. Defendant:**

Defendant is not seeking any damages at this time, but reserves the right to seek its attorneys' fees and costs.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

      October 5, 2022

**b. Names of each participant and party he/she represented.**

    Wesley Eddington on behalf of the Plaintiff & Hayleigh Lidbury on behalf of the Defendant.

**c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

    Plaintiff and Defendant made initial disclosures on October 19, 2022.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

    None.

**e. Statement concerning any agreements to conduct informal discovery:**

    There are no agreements to conduct informal discovery at this time. The parties will notify the Court of any agreed-upon informal discovery.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

    The parties certify that they will cooperate in order to reduce the costs of litigation and expedite the just disposition of the case. Documents produced by any party shall be Bates labeled.

    Defendant requests that any redactions must be made in black so counsel and the Court can fairly determine what and where redactions are made. All redacted and/or withheld information and documents must be properly identified in a privilege log that complies with the specificity requirements set forth in *Alcon v. Spicer*, 113 P.3d 735, 742 (Colo. 2005), as modified (June 27, 2005).

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

    The Parties do not anticipate extensive electronically stored information will be necessary to their claims or defenses or that a substantial amount of discovery will involve electronically maintained records. The Parties agree that, to the extent possible, electronically stored information will be produced in PDF format.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The prospects for settlement are largely dependent upon the results of discovery and input of expert opinions. However, it is anticipated that this process will allow the parties to engage in meaningful settlement negotiations to resolve the matter without incurring additional costs and expenses.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The Parties agree the number of depositions shall be governed by F.R.C.P. 30(a)(2)(A). The Parties agree to twenty five (25) interrogatories for Plaintiff and Defendant, each.

b. **Limitations which any party proposes on the length of depositions.**

The parties propose that the "party" and "expert" depositions be limited to a maximum of one (1) day of seven (7) hours, as provided for by F.R.C.P. 30(d)(1), and four (4) hours for all nonparties.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The Parties agree to twenty (20) requests for production and twenty (20) request for admission for Plaintiff and Defendant, each.

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

March 17, 2023

e. **Other Planning or Discovery Orders**

A party may not file an opposed discovery motion without first complying with these discovery dispute procedures. Filing a disputed discovery motion without permission from the Court may result in the motion being stricken and the imposition of appropriate sanctions.

<u>Step One</u>: Counsel shall meet and confer in accordance with D.C.COLO.LCivR 7.1(a) in an attempt to narrow or resolve the discovery dispute. I expect counsel to take the conferral obligation seriously. The duty to meet and confer requires counsel to discuss the specific dispute at issue and the requested relief, preferably by telephone or face-to-face, and not solely through email or written correspondence. The duty to meet and confer also requires counsel to react timely and be responsive to opposing counsel's efforts to confer. Counsel should discuss their respective positions in detail, and provide the legal and factual basis for each position. Counsel should discuss any compromise position that would be acceptable.

<u>Step Two</u>: If counsel's efforts to meet and confer are unsuccessful, counsel (not legal staff) shall jointly call Chambers at (303) 335-2124 to speak with my law clerk. Counsel should be ready to explain their conferral efforts when contacting Chambers and the nature of their discovery dispute, and should be prepared to identify the specific type of motion counsel would seek to file if a discovery motion were allowed.

<u>Step Three</u>: When counsel contacts Chambers, my law clerk will either:

(a) set a date for a status conference with the Court; or,
(b) set a date for submission of a Joint Discovery Dispute Report, simultaneous Briefs

Regarding Discovery Dispute, or staggered discovery briefing.
- If a Joint Discovery Dispute Report is ordered, the report must address and include headings for the following sections:
    (1) names of attorneys who participated in the discovery conferral;
    (2) date conferral conference(s) was held and amount of time the parties conferred;
    (3) the matters that were resolved by agreement;
    (4) specific matters that remain to be heard and determined; and
    (5) detailed explanation of the reasons why agreement could not be reached, with the parties' respective arguments and authorities. There is no word or page limit on these reports—the Court trusts counsel to keep these reports to a reasonable length.
- If discovery briefs are ordered, it is not necessary for either brief to state the parties' conferral efforts since counsel would have explained those efforts when contacting Chambers, unless the parties' conferral efforts are a central feature of the discovery dispute. When filing discovery briefs, please select the option in CM/ECF for "Brief" when filing the document—do not select the option for "Motion." No discovery brief may exceed 2,500 words.

7

Step Four: After review of the joint report or discovery briefs, I will either:
   (1) issue a written ruling to resolve the discovery dispute consistent with my authority under 28 U.S.C. § 636(b)(1)(A) and (B), and Fed. R. Civ. P. 72(a) and (b);
   (2) order a hearing to issue an oral ruling to resolve the discovery dispute;
   (3) order a hearing to ask additional questions of counsel and entertain additional argument before ruling;
   (4) order additional briefing (either with or without a hearing); or,
   (5) authorize appropriate motions to be filed.

### 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:** December 26, 2022

b. **Discovery Cut-off:** April 28, 2023

c. **Dispositive Motion Deadline:** March 31, 2023

d. **Expert Witness Disclosure**

   1. The parties shall identify anticipated fields of expert testimony, if any.

      Plaintiff: Plaintiff anticipates calling his treating health care providers as C.R.C.P. 26(a)(2)(B)(II) "non-retained" experts. These experts are expected to testify on Plaintiff's injuries and damages caused by the collision at issue and on the permanency of the Plaintiff's injuries. These non-retained experts will be giving their expert opinions regarding Plaintiff's injuries and damages. Plaintiff may retain experts in life care planning, economics, and medical bill analysis. Plaintiff reserves the right to retain experts to rebut any experts retained by the Defendants.

      Defendant: Defendant anticipates retaining medical experts, probably in the fields of orthopedics and/or physical medicine and rehabilitation, to perform records reviews and/or a Rule 35 exams of Plaintiff. Defendant reserves its right to retain rebuttal experts in the fields identified by Plaintiff.

   2. Limitations which the parties propose on the use or number of expert witnesses.

      The parties propose a limit of three (3) experts per side, plus rebuttal experts.

3. Plaintiff shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **February 20, 2023.**

4. Defendant shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 20, 2023**.

5. Plaintiff shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **April 10, 2023**.

e. Identification of Persons to Be Deposed:

| Name of Deponent | Date and Time | Anticipated Length |
|---|---|---|
| Plaintiff | TBD | 4 hours |
| Justen Ries | TBD | 2 hours |
| Plaintiff's Treating Providers: TBD | TBD | TBD |
| Plaintiff's Expert(s) | TBD | TBD |
|  |  |  |

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: **as needed**.

b. A final pretrial conference will be held in this case **on a date and time to be determined by Judge _____**.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b. Anticipated length of trial and whether trial is to the court or jury.

   The Parties anticipate needing four (4) days to try this case to a jury.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 20___.

BY THE COURT:

_____
Magistrate Judge S. Kato Crews

APPROVED:

*s/ Wesley Eddington*
Wesley Eddington, Esq.
Eddington Law Firm, LLC
2420 W. 26th Avenue, Suite D-445
Denver, CO 80211
Phone: 303-815-1585
Fax: 720-420-4515
wes@eddington.law

*Attorneys for Plaintiff*

*s/ Max K. Jones, Jr.*
Max K. Jones, Jr., Esq.
Hayleigh P. Lidbury, Esq.
Montgomery Amatuzio Chase Bell Jones, LLP
4100 E. Mississippi Ave, 16th Floor
Denver, Colorado 80246
Phone: (303) 592-6600
Fax: (303) 592-6666
mjones@mac-legal.com
hlidbury@mac-legal.com
*Attorneys for Defendant*